HOME INSURANCE COMPANY, *Plaintiff in Error*, v. EUDORA W. SMITH *et al., Defendants in Error*.

Opinion Filed May 4, 1917.

Where issue is joined on a plea and a special replication also filed to such plea alleges matters in reply to the plea, there may be no departure in pleading, and when the proofs substantially conform to the pleadings and are a sufficient basis for a finding and no material errors of law or procedure appear, the judgment rendered will not be disturbed on writ of error.

Writ of Error to Circuit Court for Jackson County; A. G. Campbell, Judge.

Judgment affirmed.

*John H. Carter* and *Smith, Hammond & Smith*, for Plaintiff in Error;

*Paul Carter*, for Defendants in Error.

WHITFIELD, J.—The declaration, brought by Eudora W. Smith and her mortgagee, is based on a loss by fire on December 24-25, 1915, insured against. In the first plea the defendant insurance company averred a condition of the policy that unless otherwise endorsed thereon by agreement, the policy shall be void if the building remained vacant or unoccupied for ten days, and that an agreement was endorsed on the policy permitting the building to remain vacant for 60 days between November 5, 1915, and January 5, 1916, with the provision that "It is understood and agreed between the company and the assured that the building shall be under the supervision and care of a competent person living on the premises and that the household furniture shall remain in the building during the time of non-occupancy, otherwise this policy shall be null and void;" that at the time of the fire the building had been vacant for more than 30 days next preceding the fire; that the building was vacant and "was not at the time of endorsing said permit, and at time of said fire under the supervision and care of a competent person living on the premises. Wherefore, defendant avers that said policy became and is null and void, and defendant is not liable to plaintiffs for the loss and damage alleged."

A second plea averred a forfeiture of the policy because of a failure to comply with a provision of the policy requiring a sworn statement to be made to the insurer within sixty days after the fire. The plaintiffs joined issue on the first plea, and also by replication alleged an agreement for a 60 days vacancy permit without a stipulation as to supervision and care by a competent person living on the premises and also alleged that the defendant's agent knew there was no building or house except the said dwelling house on the premises in which a person could live, and knew there was no person living on the premises except in the said dwelling house

For a third replication to the first plea it is alleged that the defendant waived the forfeiture attempted to be set up by an offer to settle made by the defendant's adjuster. And for replication to the second plea issue was joined thereon and for a second replication alleges an offer of settlement.

For a third replication to the second plea it is alleged that a statement and proofs of loss was made to the defendant on January 17, 1916, which was received and accepted and no demand made for further proofs.

Demurrers to the 2nd, 3rd and 4th replications to the first plea and to the 2nd and 3rd replications to the second plea were overruled and a motion to strike a portion of the second replication to the first plea as to conversation of the agent was sustained. The defendant joined issue on the replications. For a further rejoinder to the third replication to the first plea, it is averred that the alleged offer of settlement was made by way of compromise. For rejoinder to the third replication to the first plea it is averred that the adjuster advised the plaintiff's agent that he was not the general adjuster of the company, but was employed for adjusting this particular claim, and had no authority to admit or deny liability, or to waive the terms of the policy. A demurrer to this rejoinder was sustained. Verdict and judgment were rendered for the plaintiff, and the defendant took writ of error.

The plaintiff joined issue on the plea as to a vacancy permit for sixty days, and also by replication alleged a permit without the stipulation as to a caretaker living on the premises as averred in the first plea. This was not a departure, but a reply to the plea in addition to joining issue thereon. The proofs under the replication did not substantially vary from the allegations and were a sufficient basis for a finding for the plaintiffs on that issue. Amendments were permissible to make the husband a

party plaintiff with his wife, and a verdict and judgment for her and her mortgagee are lawful. As the defendant pleaded that the building had been vacant for more than 30 days next preceding the fire, the defendant cannot justly complain of a charge that if the defendant fail to prove this fact, they "must find for the plaintiff as to the vacancy plea." A portion of a charge as to the vacancy permit is complained of, but when considered with the entire charge, it is manifestly harmless, if erroneous.

There is evidence to sustain a finding for the plaintiff on the merits of the case as made by the pleadings, and no harmful error appearing, the judgment is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, J. J., concur.